IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS MALDANADO, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-13-2249 |
| v. : | |
| : | (Judge Caldwell) |
| DEPARTMENT OF CORRECTIONS, : | |
| *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Alex Maldanado, an inmate at SCI-Coal Township, filed this civil-rights action in August 2013 for events arising while he was imprisoned at SCI-Huntingdon.  We are considering his motion (Doc. 59) to pose limited discovery to obtain contact information for the two defendants not yet served; a request (Doc. 60) for a subpoena duces tecum; and a motion (Doc. 61) for enlargement of time to locate the unserved defendants.

After initiating this action, Plaintiff filed an Amended Complaint, and the defendants who were employed by the Pennsylvania Department of Corrections (DOC) successfully filed a motion to dismiss all claims against them.  From the beginning of this case, Maldanado has unsuccessfully attempted to provide the court with sufficient information to serve the two defendants remaining in the action: CRNP Linda Lane and Dr. Polmueller, employees of MHM Correctional Services, Inc., the medical group the DOC

contracted with to provide psychiatric services to inmates at SCI-Huntingdon.  We have granted Maldanado repeated enlargements of time to provide the court with sufficient information to allow the Marshal to effect service on these defendants.  To date, Plaintiff's efforts have been unsuccessful.

For the reasons that follow, we will deny Maldanado's motion to pose the DOC with limited discovery, but grant him an enlargement of time to locate the two unserved defendants: MHM's employees, CRNP Lane and Dr. Polmueller.

II.    *Discussion*

The Federal Rules of Civil Procedure are clear that discovery may be had from non-parties, through the use of subpoenas.  *See* Fed. R. Civ. P. 45.  Dismissed defendants are no longer parties.  Accordingly, any discovery Maldanado seeks from the DOC or its employees must be treated as discovery from non-parties and subject to the requirements of Fed. R. Civ. P. 45.

Plaintiff's previous efforts to obtain the address of the unserved MHM defendants have been unsuccessful.  He now seeks limited discovery from the DOC to obtain "files relating to contracts, duties, etc., contain such relevant information" it is "required to provide."  (Doc. 59 ¶ 10).  He wishes to serve the DOC with a request for production of documents requiring it to turn over the files within their control containing "the contact information of Dr. Polmueller and Mrs. Lane," (Doc. 59-1, Limited Interrogatory), or the name and contact information of persons who would know such information.  (Doc. 62,

Request for Production of Documents).  The DOC, in responding to Maldanado's Right-to-Know request, had provided the address for MHM in Vienna, Virginia.  (Doc. 60-1, ECF p. 4).  In November 2015, Plaintiff sent an unsuccessful letter-request to MHM seeking the contact information for their former employees.  (*Id.*, ECF p. 5).

Although the DOC has not responded to Maldanado's motion to conduct limited discovery (Doc. 59), it is clear, based on the documents provided by Maldanado in connection with his current motions, that the DOC has provided Plaintiff with MHM's address.  This information satisfies Maldanado's request for the DOC to provide him with information to contact the entity that would have Lane and Polmueller's addresses.  Thus, Maldanado's motion (Doc. 59) to take limited discovery from the non-party DOC for the purpose of obtaining further information concerning Lane and Polmueller is denied.

Next, we address Maldanado's request for a subpoena duces tecum requiring MHM Correctional Services, Inc. to provide him with the address of Lane and Polmueller.  (Doc. 60, Request for Subpoena).  We will grant this request and direct the Clerk of Court to issue Maldanado one subpoena for his use to serve MHM with non-party discovery.  Plaintiff, however, bears the cost of properly serving this out-of-state non-party with the subpoena and discovery request in accordance with Fed. R. Civ. P. 45.  *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *Canady v. Kreider*, 892 F. Supp. 668 (M.D. Pa. 1995) (inmate proceeding *in forma pauperis* responsible for paying service of subpoenas for payment of witness fees and allowances).  Further,

Maldanado is directed to file a certificate of service with the court indicating his service of the subpoena.  If Maldanado does not serve the subpoena upon MHM, he must return it to the Clerk of Court no more than ninety days after its issuance.

Finally, as Maldanado has demonstrated reasonable efforts to obtain the necessary information to serve Lane and Polmuller, we will grant his request (Doc. 61) for an extension of time to obtain sufficient information to serve them.  However, if Maldanado is unable to serve the issued subpoena and provide the court with proper addresses for serving Lane and Polmueller within ninety days of the date of this order, the action will be dismissed against them pursuant Fed. R. Civ. P. 4(m).  *See Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013)(nonprecedential).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  May 4, 2016